# United States District Court
# Central District of California

| | |
|---|---|
| KARI EISENACHER and DAVID EISENACHER,<br><br>        Plaintiffs,<br><br>    v.<br><br>BMW OF NORTH AMERICA, LLC; SAI MONROVIA B, INC.; and DOES 1–10, inclusive,<br><br>        Defendants. | Case № 2:17-cv-00984-ODW (JCx)<br><br>**ORDER GRANTING MOTION TO STRIKE [16] AND DENYING AS MOOT MOTION TO REMAND [15]** |

## I. INTRODUCTION

Plaintiffs Kari and David Eisenacher (collectively, "Plaintiffs") filed this action in the Los Angeles County Superior Court on December 8, 2016. (*See* Not. of Removal, ECF No. 1.) The original Complaint named BMW of North America, LLC ("BMW") and PAG Santa Ana B1, Inc. ("PAG Santa Ana"), as defendants. (Compl., ECF No. 1-1.) BMW is a Delaware corporation, and PAG Santa Ana is a California corporation. (*Id.* ¶¶ 4, 5.) On January 27, 2017, Plaintiffs dismissed PAG Santa Ana from the action without prejudice. (Not. of Dismissal, ECF No. 1-3.) Following the dismissal of PAG Santa Ana, there was no longer a California corporation among the defendants, and thus BMW removed the case to federal court based on diversity jurisdiction. (*See* Not. of Removal.) Then, on February 13, 2017, Plaintiffs filed a First Amended Complaint ("FAC") naming SAI Monrovia B, Inc. ("SAI Monrovia"),

as an additional defendant. (ECF No. 9.) SAI Monrovia is a California corporation. (*Id.* ¶ 5.)

The parties now disagree about whether SAI Monrovia was properly joined as a defendant and what its joinder means for the case. BMW moves to strike the FAC, arguing that Plaintiff needed the Court's permission to add SAI Monrovia. (ECF No. 15.) Plaintiffs move to remand this case as there is no longer complete diversity. (ECF No. 16.) For the reasons discussed below, the Court **GRANTS** BMW's Motion to Strike and **DENIES AS MOOT** Plaintiffs' Motion to Remand.[1]

## II. FACTUAL BACKGROUND

This lawsuit relates to Plaintiffs' purchase of a 2012 BMW. (FAC ¶ 7.) In connection with the purchase, BMW[2] provided Plaintiffs with an express written warranty. (*Id.* ¶ 8.) The warranty established BMW's duty to preserve or maintain the function of the vehicle or to compensate Plaintiffs in the event of a failure in utility or performance in a specific timeframe. (*Id.*) The warranty provided that if a defect developed within the warranty period, BMW would repair the vehicle. (*Id.*) Plaintiffs allege that during the warranty period, their vehicle did develop defects, including: excessive oil consumption, oil leakage, shimmy and noises in the steering wheel, smoke and oil coming from the exhaust, fuel injector failure, faulty timing chain, faulty fuel feed lines, faulty vacuum pumps and crackcase vent hoses, and a faulty battery. (*Id.* ¶ 9.) Plaintiffs claim that they attempted to have BMW "and its representatives in this state" repair the vehicle, but they were unable to do so after a reasonable number of opportunities. (*Id.* ¶ 10.) Even though BMW could not repair the vehicle, it failed to replace the vehicle or compensate Plaintiffs as required by

---

[1] After carefully considering the papers filed with respect to these Motions, the Court deems the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

[2] The FAC does not distinguish between allegations concerning BMW and SAI Monrovia, instead using only the singular "Defendant" throughout the pleading. (*See generally* FAC.) Because the FAC is substantially unchanged from the original Complaint, aside from the addition of SAI Monrovia in the party descriptions and the cause of action for violation of the Consumer Legal Remedies Act, the Court will assume that "Defendant" refers to BMW.

law.[3] (*Id.*) Plaintiffs bring this suit based on allegations of statutory violations, including the Song-Beverly Act (California's Lemon Law), Breach of Express Warranty, Breach of the Implied Warranty of Merchantability, and violation of the Consumer Legal Remedies Act. (*See generally id.*)

### III. MOTION TO STRIKE

BMW argues that Plaintiffs' entire FAC should be stricken because Plaintiffs filed it outside of the window to do so as a matter of right, and they failed to obtain BMW's consent or leave from the Court. (Mot. to Strike 3.) Plaintiffs, on the other hand, claim that BMW did not properly remove this case to federal court in the first instance, and additionally, that BMW failed to meet and confer prior to filing their Motion to Strike. (*See* Reply.) Plaintiffs also argue that they are subject to a different window of time in which to file a new complaint as a matter of right. (*Id.*) Moreover, BMW and Plaintiffs take opposing positions on the issue of whether the Court should allow Plaintiffs leave to amend their Complaint if it treats their filing as a *de facto* motion for leave.

### A. Legal Standard

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The decision to grant a motion to strike is at the court's discretion. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds sub nom. Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). The court must view the pleadings in the light most favorable to the non-moving party. *In re 2TheMart.com Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

The court may grant a motion to strike "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citing *Fantasy*, 984 F.2d at 1527). Courts may also grant a motion to strike in

---

[3] Plaintiffs cite Civil Code § 1793.2(d) and Civil Code § 1793.1(a)(2).

order to streamline the resolution of the action and focus the jury's attention on the real issues in the case. *Fantasy*, 984 F.2d at 1528. However, "motions to strike are generally disfavored due to the limited role that pleadings play in federal practice, and because they are often used as a delaying tactic." *Cal. Dept. of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).

Where an amended complaint is filed outside of the time to do so as a matter of right, a court may strike the amended pleading if the plaintiff has not obtained leave to amend or written consent of the adverse party. *Vazquez v. Select Portfolio Servicing*, No. 13-cv-03789-JST, 2014 WL 117390, at *4 (N.D. Cal. Jan. 13, 2014); *see also* Fed. R. Civ. P. 15.

**B.     Discussion**

Firstly, the Court declines to decide the matter based on Plaintiffs' arguments that BMW failed to meet and confer prior to filing its Motion to Strike. Plaintiffs claim that BMW never notified them of its intention to file such a motion, but BMW directly disputes this, stating that it met and conferred with Plaintiffs on several occasions regarding its issues with Plaintiffs' FAC. (*Compare* Opp'n to Mot. to Strike 8–9, ECF No. 17, *with* Reply to Mot. to Strike 3–4, ECF No. 18.) Given the dispute, the Court will not dwell on these procedural issues and instead decides the motion on the merits.

Secondly, Plaintiffs advance an argument that the Court must dispense with before reaching the crux of the issues at stake: that BMW improperly removed this action to federal court in that it failed to carry its burden of showing complete diversity. (*See* Opp'n to Mot. to Strike 9–11.) Plaintiffs urge the Court to follow a recent Central District of California decision finding improper removal where the removing party could cite only to evidence of residence, not citizenship or domicile, of a plaintiff in claiming diversity. (*Id.*; *see Metropoulos v. BMW of North America, LLC* sua sponte Remand Order, RJN Ex. 1, ECF No. 16-5.) However, as both parties are undoubtedly aware, this Court is not bound to follow decisions of other judges in

this district. The Court declines to find similarly to *Metropoulos*, and Plaintiffs' argument on this front is a waste of time and resources. Plaintiffs attempt to have this issue resolved in their favor based on a mere technicality; they do not even dispute that they *are* domiciled in California and thus citizens of this state. (*See* Opp'n to Mot. to Strike 9–11.) The Court disagrees that the issue of proper joinder and remand should be decided on this minute detail, nor does it find that jurisdictional discovery is proper where Plaintiffs have advanced no arguments suggesting an actual question of fact as to domicile. They are simply trying to evade federal jurisdiction based on a trifle. The Court rejects this argument.

Third, the Court turns to the question at the heart of this Motion to Strike: whether Plaintiffs properly filed their FAC. They did not. Further, even if the Court treats the FAC as a "proposed" pleading with an implicit request for leave to file, the Court declines to grant leave.

### 1. Filing of the FAC

This case was originally filed in state court, and therefore, two different deadlines for filing an amended complaint as a matter of right are at play. Defendants correctly point out those deadlines: January 12, 2017, based on the California Code of Civil Procedure Rule that a party can amend a pleading as a matter of right at any time prior to an Answer or Demurrer being filed (BMW filed its Answer on January 12, 2012); and February 2, 2017, based on the Federal Rule of Civil Procedure standard creating a deadline of 21 days after an Answer is filed. *See* Cal. Code Civ. P. § 472; Fed. R. Civ. P. 15(a)(1). No matter which deadline is applied, Plaintiffs' filing on February 13, 2017, was late. (*See* FAC.)

However, Plaintiffs argue that instead of applying either of these deadlines, the Court should find that Plaintiffs had until 21 days after the date of *removal* to file their FAC as a matter of right. (Opp'n to Mot. to Strike 2–3.) Plaintiffs base their argument on the fact that Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its pleading once as a matter of course within 21 days of motions that are filed

in federal court, pursuant to Rule 12(b), (e), or (f). (*Id.*) Plaintiffs construe this to mean that until a case is in federal court, the 21-day period does not begin to run. (*Id.* at 3.) This is wrong. The only case Plaintiffs cite in support of this argument is *EJö, LLC v. City of Johns Creek*, No. 1:15-cv-779-WSD, 2016 WL 727206, (N.D. Ga. February 19, 2016), which says nothing of the sort. *EJö* merely explains that when a case is removed to federal court, the Rule 15(a)(1) 21-day standard applies, rather than the more restrictive state law standard. *Id.* at *2. In *EJö*, the plaintiff filed its amended complaint within that 21-day period. *Id.* Therefore, *EJö* is distinguishable from the case at bar, and there is no support for the idea that a plaintiff automatically has 21 days after the date of removal in which to file an amended pleading. Thus, because Plaintiffs filed their FAC after the deadline to do so as a matter of right and without first seeking permission, the Court **STRIKES** the FAC.

### 2. **FAC as an Implicit Request for Leave to Amend**

Both parties raise the possibility that the Court could treat Plaintiffs' FAC as an implicit request for leave to amend, with the FAC as the "proposed" amended pleading. (*See* Mot. to Strike 5–7; Opp'n to Mot. to Strike 13–24.) The Court determines that were it to consider the FAC as such, it would not grant leave to amend.

#### *i. Legal Standard*

Federal Rule of Civil Procedure 15(a)(2) provides leave to amend should be given freely. However, "undue delay, bad faith, futility of amendment, and prejudice to the opposing party" should be considered in determining the propriety of a motion for leave to amend. *Howey v. U.S.*, 481 F.2d 1187, 1190 (9th Cir. 1973).

#### *ii. Analysis*

Despite the policy in favor of liberal amendment, Plaintiffs' FAC is legally insufficient. First, Plaintiffs provide no real explanation for why they failed to join SAI Monrovia earlier. They claim that "[t]hrough their investigations, Plaintiffs learned that SAI, not PAG, was the dealership that sold the Vehicle to Plaintiffs."

(Opp'n 7.) Without elaboration on this point from Plaintiffs, the Court cannot accept that Plaintiffs did not know where they bought the car from the outset of the litigation, particularly given the fact that Monrovia and Santa Ana are roughly forty miles apart.[4] Therefore, this issue points to Plaintiffs' undue delay and lack of diligence. *See In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (noting that a court should primarily consider the diligence of the party seeking amendment in deciding whether to grant leave).

Moreover, the FAC that Plaintiffs filed is prejudicial to both BMW and SAI Monrovia in that it fails to distinguish in any way between the actions of the two defendants. The FAC names BMW and SAI Monrovia in the "Parties" section and lists their places of incorporation and business, but otherwise, the FAC never mentions SAI Monrovia again. (*See* FAC ¶¶ 4, 5.) The FAC alternates between occasionally mentioning "BMW" by name and otherwise alleging acts and omissions by "Defendant" singular. (*See generally id.*) This style of pleading is insufficient to give either defendant fair notice of Plaintiffs' allegations against them. Further, the FAC does little to convince the Court that there is a valid claim against SAI Monrovia, given that no specific allegations are made against that dealership. Therefore, the Court declines to grant leave to amend, to the extent that Plaintiffs' FAC can be interpreted as a request for leave.

## IV. MOTION TO REMAND

Given that the Court strikes Plaintiffs' FAC, there is no longer a non-diverse defendant in this action, and Plaintiffs' Motion to Remand is thus **DENIED AS MOOT**.

//

---

[4] It is well established that a court may take judicial notice of a map and/or the distance between two points. *See, e.g.*, *U.S. v. Trenary*, 473 F.2d 680, 682 (9th Cir. 1973); *U.S. v. Perea-Rey*, 680 F.3d 1179, 1182 n.1 (9th Cir. 2012) (taking judicial notice of "a Google map and satellite image as a source whose accuracy cannot reasonably be questioned"); *Aleut League v. Atomic Energy Comm'n*, 337 F. Supp. 534, 538 (D. Alaska 1971) ("Judicial notice may be taken of the relative distances from certain places to other parts of the same state.").

## III. CONCLUSION

For the reasons discussed above, the Court **GRANTS** BMW's Motion to Strike (ECF No. 15) and **DENIES AS MOOT** Plaintiffs' Motion to Remand (ECF No. 16.)

**IT IS SO ORDERED.**

April 20, 2017

　　　　　　　　　　　　　　　　　　　　　　　**OTIS D. WRIGHT, II**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**