BOWMAN AND BROOKE LLP
Brian Takahashi (SBN: 146505)
Richard L. Stuhlbarg (SBN: 180631)
Lindsay G. Carlson (SBN: 235999)
Autumn E. Lewis (SBN: 295584)
970 West 190th Street, Suite 700
Torrance, California 90502
Tel No:   310/ 768-3068
Fax No:   310/ 719-1019
E-mail: Brian.Takahashi@bowmanandbrooke.com
E-mail: Richard.Stuhlbarg@bowmanandbrooke.com
E-mail: Lindsay.Carlson@bowmanandbrooke.com
E-mail: Autumn.Lewis@bowmanandbrooke.com

Attorneys for Defendant BMW OF NORTH AMERICA, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| KARI EISENACHER and DAVID EISENACHER,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>BMW OF NORTH AMERICA, LLC; PAG SANTA ANA B1, Inc.; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | **CASE NO.:  2:17-cv-00984 ODW (JCx)**<br><br>*Assigned to Hon. Otis D. Wright II*<br><br>Magistrate Judge for discovery-related motions: *Hon. Jacqueline Chooljian*<br><br>**DEFENDANT BMW OF NORTH AMERICA, LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND TO ADD CLAIM;**<br><br>Date:　　　January 8, 2018<br>Time:　　　1:30 p.m.<br>Courtroom: 5D |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

Defendant BMW of North America, LLC ("BMW NA") hereby opposes Plaintiffs' Motion for Leave to Amend and Add Claim.

/ / /

/ / /

## I.   INTRODUCTION

In this lemon law case, plaintiffs seek repurchase of their 2012 BMW 550i After more than thirteen months of litigation, including extensive discovery, numerous pleadings, settlement discussions, and with literally no reasoned explanation for its delay, plaintiffs now move the Court for leave to amend their complaint. The leave to amend does not make minor corrections to the original complaint; rather, plaintiffs now seek to add entirely new claims under the Consumer Legal Remedies Act ("CLRA") and fraudulent omission under California common law.  Surprisingly, plaintiffs freely admit to having complete knowledge of these claims at the induction of litigation, yet inexplicably failed to raise until now.  Additionally, BMW NA responded to plaintiff's CLRA demand on March 10, 2017, offering to repurchase the subject 2012 BMW 550i.  Rather than respond, plaintiffs filed the present motion.

## II.   ANALYSIS

### A.   Basic Facts and Procedural History

This case alleges a violation to the Song-Beverly Consumer Warranty Act ("Song-Beverly Act") relating to the purchase of a 2012 BMW 550i VIN WBAFR9C50CDV58985 ("Subject Vehicle").  Plaintiffs' filed their complaint on December 8, 2016, in the Los Angeles Superior Court. (Dkt. 1.)  The case was removed to the Central District on February 7, 2017. (Dkt. 1.) On February 8, 2017, plaintiffs mailed a CLRA letter to Defendant. On March 10, 2017, Defendant provided an appropriate and timely correction offer within 30 days of receiving the letter, offering repurchase of the Subject Vehicle under Cal. Civ. Code Section 1793.2(d)(2).  Plaintiff also requested BMW NA cease "the sale and leasing of" 2012 BMW 550i vehicles, however, BMW NA does not sell BMW vehicles in its normal course or business and has long ceased distributing 2012 BMW 550i vehicles.  Plaintiffs then attempted to amend their Complaint on February 13, 2017, however, this Court granted Defendant's motion to strike the

deficient compliant on April 20, 2017, which left plaintiffs' original complaint as the operative complaint. Plaintiffs never responded to BMW NA's March 10, 2017 correspondence.

### B. Discussion

As a matter of course, a party has 21 days after filing its complaint to freely amend to add a new claim. Fed. R. Civ. P. 15(a)(1)(a). After the 21 days, Fed. R. Civ. P. 15 provides that a party may only amend its pleading by written consent of the adverse party or by leave of court. Id. Although leave to amend is liberally granted, it is not an absolute right. If the adverse party fails to consent then the court will consider a number of factors in determining whether to grant leave to amend, including undue delay, prejudice of the opposing party, futility and bad faith. Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit utilizes a flexible balancing test to evaluate motions for leave to amend and will consider evidence outside of the pleadings when determining a motion under Fed. R. Civ. P. 15. California ex rel. California Dep't of Toxic Substances Control v. Neville Chem. Co., 358 F.3d 661, 674 (9th Cir. 2004). Courts often deny leave to amend motions when they are untimely and prejudicial. *See* Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)

### 1. The Court Should Presume Prejudice to Defendant Due to Plaintiffs' Undue Delay.

When determining whether to grant leave to amend, the court considers whether plaintiffs unduly delayed filing the motion to amend. Scognamillo v. Credit Suisse First Boston, LLC, 587 F. Supp. 2d 1149, 1157 (N.D. Cal. 2008). The Ninth Circuit "presumes prejudice from unreasonable delay." In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1227 (9th Cir. 2006) *see also* Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991) (as amended) (the court presumed the defendant was prejudiced due to the elapsed time). There is no specific rule defining what constitutes an undue delay, but the

Ninth Circuit has held a six-month delay to be unreasonable. McGlinchy v. Shell Chem. Co., 845 F.2d 802, 809 (9th Cir. 1988). The Ninth Circuit has also found an eight-month delay to be unreasonable. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1385 (9th Cir. 1990) (where the court found that plaintiff's attempt to amend the complaint eight-months after filing the complaint without having any newly discovered facts was an undue delay).

"Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." Jackson, 902 F.2d at 1388. The Ninth Circuit held that "late amendments to assert new theories are not reviewed favorably when the facts and theory have been known to the party seeking amendment since the inception of the cause of action." Acri v. Int'l Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir. 1986); *see also* Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) ("[A] district court does not abuse its discretion in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally.")

Here, plaintiffs are attempting to add two additional claims *thirteen months* after the original complaint was filed.[1] Yet, plaintiffs fail to allege that any new facts were discovered or that plaintiffs were prevented in any way from asserting the two additional claims in the original complaint. In fact, plaintiffs vehemently assert that the two additional claims involve "the same facts" as the claim in the original complaint. (Mot. at 4:26-27.) Plaintiffs further allege that they did not originally file the two additional claims in the first complaint because they were attempting to settle the claims informally, however, plaintiffs were barred from

---

[1] For the purposes of this Motion, Defendant will analyze the CLRA claim and the fraud claim under California common law as having the same legal requirements since Plaintiffs' have analyzed the claims that way.

filing the CLRA in December 2016 since they failed to provide the appropriate letter as required under the CLRA. After plaintiffs mailed the CLRA letter they delayed seeking leave of this court for an additional nine months. Additionally, plaintiffs failed to respond to BMW NA's correspondence in response to their CLRA demand.

Plaintiffs are attempting to establish that Defendant was not harmed by plaintiffs' thirteen-month delay, however, similar to Acri, plaintiffs knew the facts pertaining to the additional claims they are now attempting to add since the inception of the case. Plaintiffs further contends that their delay is harmless since the litigants are still conducting discovery. However, the mere fact that the case has not completed an extensive discovery process is no reason to allow for additional claims to be added and possibly extend the discovery window even further.

Accordingly, the Court should deny plaintiffs' attempt to amend the complaint to add two additional claims based on the same facts they had at the inception of the litigation and their unnecessary delay.

### 2. **Plaintiffs Knowingly Brought This Motion in Bad Faith.**

Plaintiffs cite two cases in an attempt to support their assertion that amending the complaint to add additional claims was not done in bad faith, however, none of the cited cases involved an undue delay, let alone a *thirteen-month* delay. First, plaintiffs point out that the Eastern District did not find there to be bad faith "where plaintiff promptly sought leave to amend following discovery of new facts," (Mot. at 17 (citing Forty Niner Truck Plaza, Inc. v. Shank, No. CIV. S-11-860 FCD, 2011 WL 4386299 (E.D. Cal. Sept. 20, 2011).) The Shank case is easily distinguishable since plaintiffs fails to assert **any** new facts were discovered which requiring they seek leave to amend. Plaintiffs falsely attempt to equivocate their thirteen-month unjustified delay with that of someone who "promptly" sought leave from the court. Here, the facts could not be further than those in

Shank.

Next, plaintiffs refer to the holding in Pinnacle Fitness & Recreation Mgmt., LLC v. Moyes Family Tr., No. 08CV1368 AJB BGS, 2011 WL 1565806 (S.D. Cal. Apr. 21, 2011), to show there was "no bad faith where leave to amend [was] sought within two weeks of discovering previously undisclosed information exclusively in defendant's possession, custody, and control." (Mot at 17.) Again, unlike Pinnacle Fitness, plaintiffs' thirteen-month delay has nothing to do with any undisclosed information; all of the information plaintiffs needed was available to them before they lodged the original complaint. Plaintiffs even freely admit that all the facts were known as of "the filing of plaintiffs' original October 28, 2016 complaint." (Mot. At 10.)

Lastly, plaintiffs' attempt to claim that Defendant's refusal to stipulate to allow an untimely thirteen-month amendment caused the delay is nonsensical. By plaintiffs' own admission they did not seek a stipulation from Defendant for eight months. Defendant's refusal was understandable here as plaintiffs had no new facts to justify additional claims that could have been asserted in the original complaint. Furthermore, the Ninth Circuit has already held that an eight-month delay was unreasonable time for a leave to amend. *See* Jackson, 902 F.2d at 1388. Plaintiffs' undue delay can only be characterized as bad faith. As such, plaintiffs' request for leave to amend should be denied.

### 3. **Plaintiffs' Proposed Amendment is Futile Since the Additional Claims Have Little to No Independent Value.**

Courts do not grant motions for leave to amend when the new claims are futile. Platt Elec. Supply, Inc. v. EOFF Elec., Inc., 522 F.3d 1049, 1054 (9th Cir. 2008). A claim is futile when it will not survive a Rule 12(b)(6) motion or "the inevitability of a claim's defeat on summary judgment." California ex rel. California Dep't of Toxic Substances Control v. Neville Chem. Co., 358 F.3d 661, 673 (9th Cir. 2004); Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 537 (9th

1 Cir. 1989).

2     Benson v. So Cal Auto Sales Inc., (2015) 239 Cal. App. 4th 1198, is analogous to the case at bar. In Benson, the plaintiff purchased a used vehicle that had prior undisclosed frame damage. As a result, the plaintiff mailed a CLRA demand letter to the dealer before filing suit which the dealer responded to, offering repurchase of plaintiff's vehicle. The court in Benson considered whether a cause of action could be maintained under the CLRA if the defendants offered "an appropriate correction, repair, replacement or other remedy." § 1782, subd. (b). The court held that "a suit for damages cannot be maintained under the CLRA because a merchant offered an appropriate correction in response to a consumer's notice." Benson, at 1211.

12     Plaintiffs never offered to settle the entire case. The only possible reason for plaintiffs refusal to discuss a total resolution of this case is that plaintiffs seek to add additional claims to increase the potential value of penalties and punitive damages against Defendant. However, the court in Benson found that CLRA settlements that include release of all other similar claims are proper and attorney fees are not sustainable after an appropriate correction was made under the CLRA.[1] "Settlement deals routinely include mutual releases of all claims. [Plaintiff] would have been foolish indeed to correct the CLRA claim if eight other virtually identical claims were going forward notwithstanding the correction." The CLRA claims and Song Beverly claims are virtually identical since they are both entitled to the same damages. "The Song-Beverly Consumer Warranty Act permits a buyer to recover damages, 'includ[ing] the rights of replacement or reimbursement' – exactly what [Plaintiff] would have recovered under the CLRA." (§ 1794.) Benson, 239 Cal. App. 4th at 1210. "Regardless of the nature or number of legal theories advanced by the plaintiff, he is not entitled

---

[1] In Benson, the court held that Plaintiff's cannot collect attorney's fees in a suit where an appropriate correction was offered under the CLRA. Benson at 1211.

to more than a single recovery for each distinct item of compensable damage supported by the evidence." (Tavaglione v. Billings, 4 Cal. 4th 1150, 1158 (1993), as modified (Apr. 28, 1993).)

The facts in Benson are virtually identical to the case at bar; Here, Plaintiffs purchased a vehicle and claims they subsequently learned of a defect in the vehicle, however, plaintiffs' counsel sent their CLRA demand letter to Defendant on February 13, 2017, more than a month after filing the present lawsuit. In its March 10, 2017 response, Defendants offered to repurchase the subject vehicle from Plaintiffs.[1] (Exh. A.) Plaintiffs, however, never responded to Defendant's offering repurchase offer. "Under the CLRA, a plaintiff cannot maintain a suit for damages if the defendant made an appropriate and timely correction offer." Benson, at 1202. Thus, plaintiffs' additional claims are futile.

## III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court deny plaintiffs' Motion for Leave to File an Amended Complaint.

DATED: December 18, 2017                BOWMAN AND BROOKE LLP


                                        BY: /s/    Autumn Lewis
                                            Brian Takahashi
                                            Richard L. Stuhlbarg
                                            Lindsay G. Carlson
                                            Autumn E. Lewis
                                            Attorneys for Defendant
                                            BMW OF NORTH AMERICA, LLC

---

[1] Plaintiff seeks injunctive relief preventing BMW NA from selling the 2012 BMW they purchased. However, BMW NA does not currently sell a 2012 BMW model, so the injunctive request is moot.

|   |   |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on December 18, 2017, I filed the foregoing document entitled **DEFENDANT BMW OF NORTH AMERICA, LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND TO ADD CLAIM** with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action. |

                                /s/ Autumn Lewis
                              Autumn E. Lewis